## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

Mahmoud Safari

July 18, 1985

Case No. 11,424

By JUDGE H. CALVIN SPAIN

On July 2, 1985, the above matter came before the Court with respect to certain motions. This letter is intended to deal only with the issues set forth in the Motion for discovery and Inspection and the Motion for Exculpatory Evidence and Information.

### Motion for Discovery and Inspection

References will be made to the paragraph numbers as set forth in the defendant's motion and the Court's rulings with respect thereto.

2. The Court rules that with respect to oral reports, any given to the Commonwealth Attorney or within the possession, custody or control of the Commonwealth that were made by experts shall be provided to the defendant. It was pointed out that certain written reports with respect to drug chemist were expected to be used. Those specifically were to be given to the defendant according to the Court's ruling. Further, the translation of certain materials from a foreign language into English was brought to the Court's attention. As the Court recalls, the Common-

wealth's Attorney advised that most likely certain materials might be used in the prosecution of the defendant which would involve such translation. The Court ruled that any translations made of any documents, including a copy of such document in its original state, would be provided be either party to the other; that is, both the Commonwealth and defense would provide mutually to each other such translations and copies of such translated documents as might be applicable in each instance.

8. The Court has reviewed *U.S. v. Nobles*, 422 U.S. 225 (1975), and Rule 3A:11(B)(2) of the Supreme Court Rules, and is of the opinion that the requested documents with respect to the defendant are not per se discoverable in this matter. Of particular concern to the Court is that "any other activities of the defendant being surveilled" is a part of the request. There may be intrinsically interwoven with the requested materials such information as to endanger prosecution successfully of other charges and/or endanger witnesses that may be involved in other charges. Therefore, the Court will deny the defendant's request for the documents as set forth in Paragraph 8. However, the Court will consider a motion to examine such documents *in camera* for purposes of adducing any exculpatory materials that may be contained therein. The Commonwealth has denied there is any exculpatory information contained in such documents and the Court has no reason to believe that the Commonwealth is not being totally fair with the defendant in this respect. Nevertheless, if the defendant desires an *in camera* inspection, then the Court will consider that motion and hear appropriate argument from the Commonwealth Attorney. Any benefits that might flow to the defendant through outright discovery with respect to the documents are certainly outweighed by the interest of the public in crime control, the preservation of evidence, and the health, safety and welfare of any potential witnesses.

9. The Court finds that the postal inspectors are similar to police officers with respect to the request that has been made. Part of the materials requested in Paragraph 9 appear to be the same as requested in Paragraph 10. As I recall, all matters in Paragraph 10 were in fact produced as a part and parcel of the testimony of various witnesses in the suppression portion of the hearing on July 2. Therefore, as to those matters, the Court believes that the request as set forth in Paragraph 9

is moot. No other documents were alleged to exist or identified in any general form that requires a decision by the Court. However, if there be other documents, the Court would consider an *in camera* inspection at the request of the defense after hearing argument from the Commonwealth Attorney. The Court is concerned that such documents, if they exist, may be indicative of procedures used in surveillance which might compromise the drug control procedures currently employed by the United States Government in its various departments. Additionally, the documents could very well involve matters of other criminal activity by the defendant and the reactions to the same by various agents. Accordingly, the Court finds that the per se discovery of such other documents is prohibited.

10. The Court believes all matters to have been delivered as requested and as a consequence considers the matter now moot.

12. (Erroneously designated as Paragraph 5). The only issue that was raised at the hearing was with respect to Paragraph 5A. The Court ruled that the Commonwealth's Attorney should provide the defense counsel with any evidence that it has of the criminal record of the defendant aside from such evidence otherwise available through Central Files of the Virginia Beach Police Department.

13. (Erroneously designated as Paragraph 6). The court considered the arguments of counsel with respect to the request in Paragraph 13 and ruled that only oral statements that fit the exception with respect to material variances or omissions must be provided by the Commonwealth to the defendant.

*Motion for Exculpatory Evidence and Information*

References will be made to the paragraph numbers as set forth in the defendant's motion and the Court's rulings with respect thereto.

1. The only issue raised with respect to defendant's motion concerns that of the criminal records of potential witnesses. The Court ruled that the criminal record of any witness which was known to the Commonwealth's Attorney would be provided to the defendant. However, the Commonwealth would not be required to search records to find criminal records, nor would it be required to name the actual names of the said witnesses in disclosing any information as heretofore ordered.

6. The Court ruled with respect to the request set forth therein that the Commonwealth's Attorney was to produce any exculpatory information, if such existed.

In passing, the Court notes that the defendant agreed that the Commonwealth's motion for discovery was satisfactory and had no objection to the same.